UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. --

RAJEEV PATIL,)
)
      Plaintiff,)
)
v.)
)
GUSTAVO ADOLFO HERNANDEZ FRIERI,)
)
      Defendant.)
_____)

## COMPLAINT

Plaintiff Rajeev Patil ("Mr. Patil" or "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant Gustavo Adolfo Hernandez Frieri ("Defendant" or "Gustavo Hernandez") and, in furtherance thereof, respectfully alleges as follows:

## NATURE OF THE CASE

1. This case involves Defendant's breach of contract. Plaintiff's claims arise out of Defendant's failure to make payments in accordance with a promissory note, and Defendant's ultimate breach of that promissory note.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between a citizen of a state and a citizen of a foreign state.

3. Venue is proper under 28 U.S.C. §1391(a)(2) because all or a substantial portion of the events that give rise to Mr. Patil's claims transpired in the Southern District of Florida.

1

4. Venue is also proper in the Southern District of Florida pursuant to the terms of the promissory note at issue in this matter.

## PARTIES

5. Mr. Patil is 55 years old and is a resident of Miami-Dade County, Florida. He is originally from Mumbai, India, and has lived in the United States for over 30 years. From approximately June 2009 until approximately January 2012, Mr. Patil was a Registered Representative at Global Strategic Investments, LLC ("GSI").

6. Upon information and belief, Gustavo Hernandez is a resident of New York, New York. Upon information and belief, Gustavo Hernandez is a shareholder in GSI's parent holding company, and was an unlicensed control person at GSI during the time period in question.

## RELEVANT NON-PARTIES

7. GSI was, at all relevant times, a Florida limited liability company located in Miami, Florida. GSI is registered with the U.S. Securities and Exchange Commission ("SEC") as a broker-dealer, and with the Financial Industry Regulatory Authority ("FINRA") as a member firm.

8. Cesar Hernandez ("C. Hernandez") was, at all relevant times, a Registered Representative of GSI. C. Hernandez was a party to the promissory notes discussed herein.

## FACTS

**I. Background**

9. In or about May 2009, C. Hernandez contacted Mr. Patil and encouraged him to invest in GSI. C. Hernandez met with Mr. Patil in person, and during that

2

solicitation C. Hernandez explained to Mr. Patil that in order to invest in GSI, Mr. Patil would need to direct his investment funds to GSBH, Corp. ("GSBH"). C. Hernandez represented to Mr. Patil that GSBH was GSI's parent holding company and owned 100% of GSI, and that his investment funds needed to be directed to GSBH in order to avoid causing GSI to be noncompliant with FINRA and the SEC's net capital requirements for registered broker-dealers.

10. Based on C. Hernandez' representations, Mr. Patil and C. Hernandez executed a promissory note on or about May 18, 2009 (the "Note"), through which Mr. Patil invested $250,000.00 in GSI. Subsequently, on approximately July 13, 2009, Mr. Patil invested $200,000.00 more pursuant to an addendum (the "Addendum") to the Note. GSI significantly breached the terms of the Note and the Addendum. Mr. Patil complained to C. Hernandez about the breaches on numerous occasions.

11. In early 2013, C. Hernandez met with Mr. Patil in an effort to resolve the breaches. Mr. Patil and C. Hernandez eventually reached an agreement wherein C. Hernandez and Defendant executed a promissory note on or about May 2, 2013 (the "May 2013 Note") (attached hereto as "Exhibit A"). The May 2013 Note required both C. Hernandez and Defendant to pay Mr. Patil $330,000.00 by making cash payments of $140,000.00 to Mr. Patil and issuing common shares of GSI to Mr. Patil for the remaining balance. Defendant has significantly breached the May 2013 Note's terms by failing to make payments in accordance with the terms of the May 2013 Note. Defendant currently owes Mr. Patil approximately $269,105.00 under the May 2013 Note.

II. **Defendant's Breach of the May 2013 Note**

12. Defendant breached the terms of the May 2013 Note when he failed to make payments in accordance with the terms of this agreement. Mr. Patil complained to Defendant and C. Hernandez on numerous occasions. The May 2013 Note obligated C. Hernandez and Defendant to make scheduled payments of $20,000 by May 2, 2013, $10,000 by June 17, 2013, $80,000 by June 30, 2013 and $30,000 by December 30, 2013. Defendant and C. Hernandez were to pay the remaining unpaid balance in the form of GSI shares owned by Defendant and C. Hernandez. Although Defendant made payments in furtherance of the May 2013 Note, Defendant nonetheless breached the May 2013 Note by failing to fully adhere to its terms. Accordingly, Mr. Patil suffered damages of approximately $269,105.00.

## CAUSE OF ACTION
## BREACH OF CONTRACT

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 as if fully set forth in this Count.

14. Defendant entered into a valid contract with Mr. Patil upon the execution of the May 2013 Note. According to the May 2013 Note, Defendant agreed to make payments to Mr. Patil periodically in accordance with the schedule set forth in the May 2013 Note. Mr. Patil performed all of the requisite obligations and duties required by the May 2013 Note. By engaging in the conduct described herein, Defendant breached the terms of the May 2013 Note. As a direct and proximate result of Defendant's breach, Defendant has caused Mr. Patil to suffer damages of approximately $269,105.00.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests that this matter is heard before a jury.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant Gustavo Hernandez:

    a.    For actual damages in an amount to be proven at trial but in no event less than $269,105.00;

    b.    For pre-judgment interest;

    c.    For post-judgment interest; and

    d.    For such other relief as this Court may deem just and proper.

**DATED:**    August 27, 2014
                Coral Gables, Florida

                          Respectfully Submitted,

                          **HUNTER TAUBMAN WEISS LLP**

                          */s/ Mark D. Hunter*
                          Mark David Hunter, Esquire
                          Florida Bar No. 12995
                          255 University Drive
                          Coral Gables, Florida 33134
                          Telephone:  (305) 629-8816
                          Facsimile:   (305) 629-8877
                          E-Mail:      mdhunter@htwlaw.com

# EXHIBIT A

## PROMISSORY NOTE

Amount:         $ 330,000
Place Issued:   Miami, Florida
Date Issued:    May 2nd, 2013
Maturity Date:  December 31st, 2013
Maker:          Gustavo & Cesar Hernandez
Payee:          Rajeev Patil

THIS PROMISSORY NOTE is given by Cesar Hernandez and Gustavo Hernandez (the "**Maker**") and made payable to the order of Rajeev Patil (the **"Payee"**) to evidence the obligation of Maker to pay the sum of THREE HUNDRED AND TWENTY FIVE THOUSAND DOLLARS ($330,000.00) to Payee.

Maker will make schedule payments of $ 20,000 on May 2nd 2013, June 17th $ 10,000, $80,000 by June 30th, 2013 and $ 30,000 by December 30th, 2013.

Maker and Payee agree on paying the Payee the unpaid balance in GSI's shares owned by the maker at a $ 5,000,000 valuation. A share purchase agreement will be drafted and signed by both parties by May 30th 2013.

Interest shall be computed on the basis of the actual number of days elapsed on an assumed year of 365 days. Interest shall accrue while the loan is outstanding and become payable when the loan is repaid to the Payee.

Maker may make prepayments under this Note, in whole or in part, without penalty of any sort.

Both the Maker and the Payee agree that this promissory note replaces promissory note signed by GSBH and Rajeev Patil on May 19, 2009 and leaves that note with no value. If maker does not meet the cash payments ~~than~~ note becomes enforceable. original

From and after a default by Payee under this Note, and Payee's acceleration of this Note, the entire principal remaining unpaid hereunder shall bear an annual interest rate equal to 8 percent (8%) per annum (the "Default Rate").

If after default beyond any applicable notice and cure periods, this Note is collected through legal proceedings, Maker promises to pay all costs of collection, including to the extent permitted by law, reasonable attorneys' fees and court costs through all trial and appellate levels.

In the event the interest provisions hereof or any exactions provided for herein shall result, for any reason at any time during the term of this Note, in an effective rate of interest which transcends the limit of validity prescribed by the applicable usury laws, then ipso facto the obligation to be fulfilled shall be reduced to the limit of such validity so that in no event shall any exaction be possible under this Note that is in excess of the limit of such validity, but such obligation shall be fulfilled to the limit of such validity.

In no event shall Maker be bound to pay for the use or detention of the money loaned and evidenced hereby, or the Payee's forbearance in collecting same, interest, or payments in the nature of interest, of more than the maximum rate lawfully collectible in accordance with applicable usury laws; and the right to demand any such excess shall be and is hereby waived.

Any provisions of this Note which may be unenforceable or invalid under any law shall be ineffective to the extent of such unenforceability or invalidity without affecting the enforceability or validity of any other provision hereof.

This Note shall be governed and construed in accordance with the laws of the State of Florida. The parties hereby submit to the jurisdiction and venue of the State and Federal Courts in and for Miami-Dade County and waive any claim that the same is an inconvenient forum.

MAKER AND PAYEE WAIVE ANY RIGHT TO TRIAL BY JURY OR TO HAVE A JURY PARTICIPATE IN RESOLVING ANY DISPUTE, WHETHER SOUNDING IN CONTRACT, TORT, OR OTHERWISE, BETWEEN THEM ARISING OUT OF THIS NOTE OR ANY OTHER INSTRUMENT, DOCUMENT, OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH OR THE TRANSACTIONS RELATED HERETO.

_____
Cesar Hernandez

_____
Gustavo Hernandez

May 2nd 2013

_____
Rajeev Patil